

FILED

FEB 10 2015

CHAMBERS OF THE
HON. MICHAEL A. SHIPP,
U.S.D.J.

U.S. Department of Justice

United States Attorney
District of New Jersey
*Criminal Division*

970 Broad Street, Suite 700
Newark, New Jersey 07102

*general number:* (973) 645-2700
*fax:* (973) 645-2045
*e-mail:* lakshmi.herman@usdoj.gov

LSH/PL AGR
2012R00589

October 30, 2014

**VIA ELECTRONIC MAIL**
William J. Winning
Cozen O'Connor
200 Four Falls Corporate Center
Suite 400
West Conshohocken, PA 19428

Gerald Krovatin
Krovatin Klingeman LLC
60 Park Place
Suite 1100
Newark, NJ 07102

   Re: Plea Agreement with Andrew Silverman

Dear Messrs. Winning and Krovatin:

  This letter sets forth the plea agreement between your client, Andrew Silverman (the "Defendant"), and the United States Attorney for the District of New Jersey ("this Office").

Charge

  Conditioned on the understandings specified below, this Office will accept a guilty plea from the Defendant to a one-count information, which charges him with committing wire fraud, in violation of Title 18, United States Code, Section 1343. If the Defendant enters a guilty plea and is sentenced on this charge, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against the Defendant for making false representations to various companies in order to fraudulently secure computer equipment at steeply discounted rates from July 2007 to May 2012. However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result

of this guilty plea does not remain in full force and effect, the Defendant agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by the Defendant may be commenced against him, notwithstanding the expiration of the limitations period after the Defendant signs the agreement.

<u>Sentencing</u>

The violation to which the Defendant agrees to plead guilty carries a statutory maximum prison sentence of not more than 20 years and a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon the Defendant is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence the Defendant ultimately will receive.

Further, in addition to imposing any other penalty on the Defendant, the sentencing judge: (1) will order the Defendant to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) must order the Defendant to pay restitution pursuant to 18 U.S.C. §§ 3663 *et seq.*; (3) may order the Defendant, pursuant to 18 U.S.C. § 3555, to give notice to any victims of his offenses; (4) may order the Defendant to pay the costs of prosecution; (5) must order forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461; and (6) pursuant to 18 U.S.C. § 3583, may require the Defendant to serve a term of supervised release of not more than three years, which will begin at the expiration of any term of imprisonment imposed. Should the Defendant be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, the Defendant may be sentenced to not more than two years' imprisonment in addition to any prison term

previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

In addition, the Defendant agrees to make full restitution in the amount of $2,500,000 for all losses resulting from his offense or from the scheme, conspiracy, or pattern of criminal activity underlying the offense, to the victims of his offense.

## Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on the Defendant by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the U.S. Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the U.S. Probation Office of: (1) this agreement; and (2) the full nature and extent of the Defendant's activities and relevant conduct with respect to this case.

## Stipulations

This Office and the Defendant agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or the Defendant from any other portion of this agreement, including any stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not

restrict the Office's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

## Waiver of Appeal and Post-Sentencing Rights

This Office and the Defendant waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

## Forfeiture

The Defendant agrees that as part of his acceptance of responsibility and pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, the Defendant will consent to the entry of a forfeiture money judgment in the amount of $2,500,000 in United States currency (the "Forfeiture Money Judgment"). The Defendant acknowledges that the Forfeiture Money Judgment is subject to forfeiture as property constituting, or derived from, proceeds obtained directly or indirectly from a violation of 18 U.S.C. § 1343, or traceable thereto, and/or constitutes a substitute asset subject to forfeiture, as described in 21 U.S.C. § 853(p).

Payment of the Forfeiture Money Judgment shall be made by certified or bank check, with the criminal docket number noted on the face of the check, payable to the United States Marshals Service. On or before the date he enters his plea of guilty pursuant to this agreement, the Defendant shall cause said check to be hand-delivered to the Asset Forfeiture and Money Laundering Unit, United States Attorney's Office, District of New Jersey, 970 Broad Street, Newark, New Jersey 07102.

The Defendant agrees to disclose, prior to the entry of his guilty plea, all of his assets to the United States on the attached Financial Disclosure Statement. The Defendant agrees that if the Government determines that the Defendant has intentionally failed to disclose assets on that Financial Disclosure Statement, that failure constitutes a material breach of this agreement. In addition, the Defendant consents to the administrative, civil, and/or criminal forfeiture of his interests in any assets that he failed to disclose on the Financial Disclosure Statement. Should undisclosed assets that the Defendant owns or in which he has an interest be discovered, the Defendant knowingly and voluntarily waives his right to any required notice concerning the forfeiture of said assets. The Defendant further agrees to execute any documents necessary to effectuate the forfeiture of said assets.

If the Forfeiture Money Judgment is not paid on or before the date the Defendant enters his plea of guilty pursuant to this agreement, interest

4

shall accrue on any unpaid portion thereof at the judgment rate of interest from that date. Furthermore, if the Defendant fails to pay any portion of the Forfeiture Money Judgment on or before the date of his guilty plea, the Defendant consents to the forfeiture of any other property alleged to be subject to forfeiture in the Information, including substitute assets, in full or partial satisfaction of the Forfeiture Money Judgment, and remains responsible for the payment of any deficiency until the Forfeiture Money Judgment is paid in full.

The Defendant hereby waives any and all claims that this forfeiture constitutes an excessive fine and agrees that this forfeiture does not violate the Eighth Amendment.

## Immigration Consequences

The Defendant understands that, if he is not a U.S. citizen, his guilty plea to the charged offense will likely result in his being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. The Defendant understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. The Defendant wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. The Defendant understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, the Defendant waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

## Other Provisions

This agreement is limited to the U.S. Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against the Defendant. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service), or any third party from initiating or prosecuting any civil or administrative proceeding against the Defendant.

5

No provision of this agreement shall preclude the Defendant from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that the Defendant received constitutionally ineffective assistance of counsel

No Other Promises

This agreement constitutes the plea agreement between the Defendant and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

PAUL J. FISHMAN
United States Attorney

By: Lakshmi Srinivasan Herman
Assistant U.S. Attorney

APPROVED:

SCOTT B. McBRIDE
Deputy Chief, Economic Crimes Unit

   I have received this letter from my attorneys, William J. Winning, Esq., and Gerald Krovatin, Esq. I have read it. My attorney and I have discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver of appeal, forfeiture, and immigration consequences. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____  Date: 2/10/15
Andrew Silverman

   I have discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver of appeal, forfeiture, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____  Date: 2/10/15
William J. Winning, Esq.

_____  Date: 2/10/15
Gerald Krovatin, Esq.

7

## Plea Agreement With Andrew Silverman

### Schedule A

1. This Office and the Defendant recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and the Defendant nevertheless agree to the stipulations set forth herein and agree that the Court should sentence the Defendant within the Guidelines range that results from the total Guidelines offense level set forth below. This Office and the Defendant further agree that neither party will argue for the imposition of a sentence outside the Guidelines range that results from the agreed total Guidelines offense level.

2. The version of the United States Sentencing Guidelines ("U.S.S.G.") effective November 1, 2013, applies in this case.

3. The applicable guideline is U.S.S.G. § 2B1.1(a)(1) because the offense of conviction has a statutory maximum term of imprisonment of 20 years (Theft, Embezzlement, Receipt of Stolen Property, Property Destruction, and Offenses Involving Fraud or Deceit), resulting in a Base Offense Level of 7.

4. Specific Offense Characteristic § 2B1.1(b)(1)(I) applies because the loss caused by the offense was more than $1,000,000, but not more than $2,500,000. This Specific Offense Characteristic results in an increase of 16 levels.

5. As of the date of this letter, the Defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if the Defendant's acceptance of responsibility continues through the date of sentencing. See § 3E1.1(a).

6. As of the date of this letter, the Defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently. At sentencing, this Office will move for a further 1-point reduction in the Defendant's offense level pursuant to § 3E1.1(b) if the following conditions are met: (a) the Defendant enters a plea pursuant to this agreement, (b) this Office in its discretion determines that the Defendant's acceptance of responsibility has continued through the date

of sentencing and the Defendant therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to § 3E1.1(a), and (c) the Defendant's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

7. In accordance with the above, the parties agree that the total Guidelines offense level applicable to the Defendant is 20 (the "agreed total Guidelines offense level").

8. The parties agree not to seek or argue for any upward or downward departure, adjustment or variance not set forth herein. The parties further agree that a sentence within the Guidelines range that results from the agreed total Guidelines offense level of 20 is reasonable.

9. The Defendant knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 20. This Office will not file any appeal, motion, or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level of 20. The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

10. Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.

9